BENSON v. OLSON et al.

(Third Division. Seward. April 21, 1911.)

No. 412.

1. Logs and Logging (§ 28*)—Cutting and Hauling Wood—Lien —Time of Filing Notice of Lien.

The plaintiff claimed a lien upon cordwood for work and labor performed in hauling it to the yards. His work in hauling ceased about the middle of May, but thereafter he continued taking care of the stock and feeding them. Plaintiff filed his notice of lien on July 2d. On objection to the lien that it was not filed within 30 days after the rendition of the service, *held*, the care of the stock and feeding them was no part of any work for which the lien is claimed, and, since the last of the work of hauling wood was done not later than the middle of May, the lien notice was not filed in time to preserve the lien.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 72–74; Dec. Dig. § 28.*]

2. Logs and Logging (§ 28*)—Lien—Retaining Possession.

When plaintiff assisted in hauling wood to a yard, and ceased to work about the middle of May, and had no other possession than that acquired by posting a notice on the wood a month thereafter, *held*, not a sufficient possession to support his claim of lien by possession.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 72–74; Dec. Dig. § 28.*]

This is a case in which the plaintiff seeks to recover against the defendant Olson the sum of $761.68, with interest at 8 per cent. per annum from June 20, 1909, for services rendered in cutting wood and hauling the same to different points along the Copper river, between November, 1908, and June, 1910. It is alleged in the complaint that the plaintiff on the 2d of July, less than 30 days after completing the work of hauling said wood, duly filed with the United States commissioner his claim of lien upon said wood. Plaintiff also seeks to recover a like amount from the Katalla Company on the claim that it converted the wood so cut and hauled by plaintiff to its use while plaintiff had a lien upon it.

The defendant Olson admits the performance of service for him by the plaintiff as a teamster, but denies that the plaintiff cut any wood hauled by the plaintiff while he was teaming for the defendant, alleging that the only wood hauled by him was wood cut the previous year, belonging to the Katalla Company. This defendant denies the other allegations of the complaint, specifically denying that plaintiff had any lien on the wood described.

The Katalla Company answers, admitting that plaintiff had a contract with the defendant Olson to do the work claimed to have been done by plaintiff, but denies performance and the value of any such service, admits that it claims the wood, denies that the plaintiff had an interest in or lien upon the wood, denies the filing of a notice of any claim of lien as alleged, and places in issue the other allegations of the complaint.

Upon a reference, the evidence for the plaintiff was taken. The defendant Olson did not appear or introduce any evidence; the defendant Katalla Company appeared and cross-examined the plaintiff's witnesses, but introduced no evidence on its own behalf

Smith & Bussnell, for plaintiff.

R. J. Boryer, of Cordova, E. E. Ritchie, of Valdez, and Wm. T. Love, for defendants.


CUSHMAN, District Judge. From the evidence introduced it appears that the plaintiff is entitled to the full amount of his claim as above set out against the defendant Olson, and will have judgment therefor, and added thereto an attorney's fee of $150.

On account of the determination reached upon the question of whether the lien notice of plaintiff was filed with the recorder in time to preserve his lien, the other questions in the case will not be considered.

The plaintiff in his complaint alleges:

"That on the 2d day of July, 1909, and less than 30 days after this plaintiff had completed the work of hauling said wood, and within 30 days after the completion of said contract, this plaintiff duly filed as required by law, his claim for a lien for the amount due

and owing him as aforesaid from said defendant, in the office of the United States commissioner and ex officio recorder at Valdez."

Upon the trial, the plaintiff, testifying as a witness in his own behalf, testified as follows:

"Q. Then you quit hauling wood some time in April? A. Maybe; I don't remember when we quit hauling. Q. About when? A. I couldn't state what time it was. Q. Was it some time in April? A. No, it must be in May. Q. Can you recall about when it was? A. I don't remember what time it was, but I know it must be in May. Q. About what time in May? A. About the middle; something like that. * * * Q. Didn't you stop work on May 2, 1909? A. I couldn't say just the date; I don't remember what day it was when we got through hauling; of course there was times at the breakup we couldn't do anything. Q. And then you didn't start to work again until the 26th of May, as near as you can remember? A. That was the time we started to haul the wood down to the creek again. Q. And during the month of May there were about 24 days in that month that you didn't work? A. We were taking care of the stock and feeding them. Q. But you were not working on the wood? A. No, we got through hauling wood."

The statute controlling provides as follows (part 5, Carter's Codes):

"Sec. 276. Liens of Labor on Personal Property. Any person who shall make, alter, repair, or bestow labor on any article of personal property at the request of the owner or lawful possessor thereof shall have a lien upon such property so made, altered, or repaired, or upon which labor had been bestowed, for his just and reasonable charges for the labor he has performed and the material he has furnished, and such person may hold and retain possession of the same until such just and reasonable charges shall be paid.

"Sec. 277. Lien of Carriers, Storers of Merchandise, and Agisters of Cattle. Any person who is a common carrier, or who shall, at the request of the owner or lawful possessor of any personal property, carry, convey, or transport the same from one place to another, and any person who shall safely keep or store any grain, wares, merchandise, and personal property at the request of the owner or lawful possessor thereof, and any person who shall pasture or feed any horses, cattle, hogs, sheep, or other livestock, or bestow any labor, care, or attention upon the same at the request of the owner or lawful possessor thereof, shall have a lien upon such property for his just and reasonable charges for the labor, care, and attention he has bestowed and the food he has furnished, and he may retain possession of such property until such charges be paid."

"Sec. 286. Filing of Claim and Form Thereof. Every person, within thirty days after the rendition of the services, or after performing the work or labor mentioned in sections 276 and 277 of this title, who shall claim the benefit hereof must file for record with

the recorder of the precinct in which such saw logs, spars, piles, and other timber was cut, or in which such lumber was manufactured, a claim, * * *" etc.

It clearly appears that the lien claim of plaintiff was not filed with the recorder in time to preserve it and render the defendant company liable to plaintiff. The character of any work done after hauling this wood is not clearly shown. There is not a particle of evidence to show that it in any way enhanced the value of this wood or was in any wise connected therewith.

In the brief filed upon the part of the plaintiff, this would appear to be conceded, for the plaintiff's counsel mainly argues therein the keeping alive of the plaintiff's lien upon a certain pile of wood, consisting of 255 cords, hauled out of the woods to a tributary of the Copper river. He makes this claim under section 276, above quoted, claiming that plaintiff "held and retained possession of the same" until it was wrongfully taken and converted by the defendant company.

Passing by plaintiff's right, without amendment, to thus change the substance of his claim and the issues as framed by the pleadings to a consideration of this latter contention, it is found to be without merit. The evidence showed that the 255 cords of wood were hauled by the plaintiff and several other teamsters; that he probably hauled one-quarter of it; that it was deposited in one mass or pile on the bank of the stream and left there.

So far as the contract between the defendant Olson and the defendant Katalla Company can be determined by the evidence and the conduct of the parties, this probably constituted, at least in so far as the plaintiff is concerned, a delivery of the wood to that company, although there is no evidence of any measuring or acceptance of it by the company. It is testified by the plaintiff that, after the delivery of the wood at the stream, he, learning at Cordova of the defendant company taking charge of defendant Olson's wood camps, returned up the river and posted a notice upon this wood that he claimed a lien upon. The date is not clearly shown. It must have been some

time prior to the 2d of July.  No copy of this notice of lien was offered in evidence; the plaintiff simply stating:

"That day I put a notice on the wood piles there, nobody could touch it—laborer's lien on it."

He testifies that at the time of the posting of the notice there was no one else actually present, in possession or charge of the wood.  He does not claim to have stood by for any length of time to maintain or attempt to maintain an actual control or possession of it, in fact does not claim to have done anything more than to post the notice.  There is nothing to show how long the notice, if posted, remained so; there is no other evidence than plaintiff's concerning the posting of this notice on the wood.

The language of section 286 is mandatory:

"Every person, within thirty days after the rendering of services, * * * who shall claim the benefit hereof must file for record," etc.

This requirement is by express reference made applicable to the liens for which provision is made in section 276, above quoted, and now relied upon by plaintiff to uphold a possessory lien.

It is not necessary to determine whether the mandatory provisions of section 286 are applicable, where a party retains continued and exclusive possession of an article upon which he has bestowed labor under the claim of his common-law lien recognized by section 276.  It is sufficiently shown by the evidence and the above recital of facts that plaintiff did not hold or retain the continued or exclusive possession of this wood, in the absence of which it is by this court held that the requirement of section 286 that a claim of lien be filed within 30 days after rendition of services in bestowing the labor for which a lien is claimed is applicable and the prerequisite to the retention of the lien.  25 Cyc. 670b et seq., and cases cited.